UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN SECTION
CIVIL ACTION NO.

*CF 05-30042-MAP*

--------------------------------------------------- )
MATTHEW CHIRCOP,                                     )
                                                     )
                    Plaintiff,                       )
                                                     )
v.                                                   )
                                                     )
DONALD J. CAVANAUGH, individually and                )
in his official capacity as a Police Officer         )
for the Town of Longmeadow Police                    )
Department,                                          )
                                                     )
DENNIS KEENAN, individually and                      )
in his official capacity as a Police Officer         )
for the Town of Longmeadow Police                    )
Department,                                          )
                                                     )
OFFICER PERRY, individually and                      )          COMPLAINT AND
in his official capacity as a Police Officer         )
for the Town of Longmeadow Police                    )          DEMAND FOR
Department,                                          )
                                                     )          JURY TRIAL
JOHN D. STANKIEWICZ, individually and                )
in his official capacity as a Police Officer         )
for the Town of Longmeadow Police                    )
Department,                                          )
                                                     )
SERGEANT CONBOY, individually and                    )
in his official capacity as a Police Officer         )
for the Town of Longmeadow Police                    )
Department,                                          )
                                                     )
ROBERT DANIO, individually and                       )
in his official capacity as Chief of                 )
Police for the Town of Longmeadow                    )
Police Department, and                               )
                                                     )
THE TOWN OF LONGMEADOW,                              )
a Municipal Corporation duly                         )
established under the laws of the                    )
Commonwealth of Massachusetts,                       )
                                                     )
                    Defendants                       )
--------------------------------------------------- )

## INTRODUCTION

1.  This is a civil rights action for money damages against the Town of Longmeadow as a result of Town of Longmeadow's negligence and the negligence of certain agents and employees of the Town of Longmeadow for violations of the Plaintiff's constitutional rights along with state tort claims.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343. The Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under M.G.L. c. 12 § 11i; The Massachusetts Tort Claims Act, M.G.L. c. 258 § 4; and other Massachusetts tort law.

3.  There exists between the parties an actual controversy justiciable in nature.

## PARTIES

4.  The Plaintiff was, at all times relevant to the allegations in this complaint, a resident of the Commonwealth of Massachusetts.

5.  The Defendant, DONALD J. CAVANAUGH, was, at all times relevant to the allegations in this complaint, a police officer, acting under color of law, as an agent/employee of the Town of Longmeadow, Hampden County, in the Commonwealth of Massachusetts.

2

6.   The Defendant, DENNIS KEENAN, was, at all times relevant to the allegations in this complaint, a police officer, acting under color of law, as an agent/employee of the Town of Longmeadow, Hampden County, in the Commonwealth of Massachusetts.

7.   The Defendant, OFFICER PERRY, was, at all times relevant to the allegations in this complaint, a police officer, acting under color of law, as an agent/employee of the Town of Longmeadow, Hampden County, in the Commonwealth of Massachusetts.

8.   The Defendant, JOHN D. STANKIEWICZ, was, at all times relevant to the allegations in this complaint, a police officer, acting under color of law, as an agent/employee of the Town of Longmeadow, Hampden County, in the Commonwealth of Massachusetts.

9.   The Defendant, SERGEANT CONBOY, was, at all times relevant to the allegations in this complaint, a police officer, acting under color of law, as an agent/employee of the Town of Longmeadow, Hampden County, in the Commonwealth of Massachusetts.

10.  The Defendant, ROBERT DANIO, was, at all times relevant to the allegations in this complaint, the Chief of Police, acting under color of law, as an agent/employee of the Town of Longmeadow, Hampden County, in the Commonwealth of Massachusetts.  In his capacity as Chief of Police, ROBERT DANIO was the principal law enforcement administrator for the Town of Longmeadow and, as such, was responsible for the practices, customs, and policies of the Town of Longmeadow Police Department and all its individual

3

members, including adequate training, supervising, investigating, and
disciplining of police officers and other police supervisory officials.

11.    The Defendant, TOWN OF LONGMEADOW, was and is, at all times relevant to
the allegations in this complaint, a Massachusetts Municipal Corporation duly
established under the laws of the Commonwealth of Massachusetts.  The Town
of Longmeadow, through its officers, employees, and/or agents, was and is, at
all times relevant to the allegations in this complaint, responsible for the
practices, customs, and policies of the Town of Longmeadow Police Department
and all its individual members, including adequate training, supervising,
investigating, and disciplining of the chief of police, police supervisory officials,
and police officers.

## FACTS

12.    On or about the February 16, 2002, the Plaintiff was driving to Longmeadow
from Springfield.

13.    The Plaintiff had four passengers in his car, only one of whom was known to
him before February 15, 2002.

14.    All the occupants of the Plaintiff's car had been to the home of a mutual friend
in Springfield, and all were going to Longmeadow.

15.    The four passengers in the Plaintiff's car had been drinking alcohol.

16.    Because the Plaintiff believed that the Longmeadow police had recently been
watching him closely, the Plaintiff had not wanted to drive the four passengers

4

to Longmeadow but had reluctantly agreed because they were stranded and it was well after midnight.

17. Before the Plaintiff and his four passengers set out for Longmeadow, the Plaintiff had his passengers place all their belongings in the trunk of his car.

18. Only the Plaintiff and his four passengers were in the cab of the car.

19. The Plaintiff believed that his passengers had only overnight supplies such as clothing in their backpacks.

20. After the Plaintiff had driven into Longmeadow and was stopped at a stop sign, he noticed a speeding car approaching him from behind.

21. After the Plaintiff proceeded from the stop sign making a left-hand turn and then a right-hand turn, he saw flashing blue lights and pulled over.

22. When the defendant officer approached the Plaintiff's car, the defendant officer asked the Plaintiff for his license and registration.

23. Before the Plaintiff could hand the defendant officer the requested documents, the defendant officer stated that the car smelled like alcohol.

24. The defendant officer then asked the Plaintiff if he had been drinking.

25. The Plaintiff stated that he had not been drinking.

26. The defendant officer then asked the Plaintiff to perform a finger dexterity test.

27. The Plaintiff performed the finger dexterity test successfully.

28.    The defendant officer asked the Plaintiff to exit the vehicle.

29.    When the Plaintiff exited the vehicle he recognized the officer to be Defendant
        Officer Cavanaugh.

30.    Defendant Officer Cavanaugh then asked the Plaintiff why the car smelled like
        alcohol.

31.    The Plaintiff responded that he was the designated driver for the evening.

32.    During this conversation, Defendant Officer Keenan, who was also known to the
        Plaintiff, approached.

33.    Seemingly excited, Defendant Officer Keenan asked the Plaintiff if he could
        search the trunk.

34.    The Plaintiff refused permission for Defendant Officer Keenan to search the
        trunk.

35.    Defendant Officer Keenan responded that he was going to search the trunk no
        matter what.

36.    The Plaintiff specifically told the defendant officers that they could search the
        cabin of the vehicle but not the trunk.

37.    Defendant Officer Keenan stated that he did not want to search the cabin of the
        vehicle, only the trunk.

38.   When Defendant Officer Keenan attempted to open the trunk, the Plaintiff told
      the defendant officers, in no uncertain terms, that what they were doing was
      illegal and a violation of the Plaintiff's rights.

39.   Defendant Officer Keenan did not respond to the Plaintiff's protest over a search
      of the trunk.

40.   Defendant Officer Cavanaugh stood silently by while Defendant Officer Keenan
      continued to attempt to open the trunk.

41.   Defendant Officer Perry stood silently by while Defendant Officer Keenan
      continued to attempt to open the trunk.

42.   To prevent Defendant Officer Keenan from opening the trunk, the Plaintiff
      leaned on the trunk.

43.   Defendant Officer Keenan forcefully pushed the Plaintiff out of the way.

44.   Upon opening the trunk, Defendant Officer Keenan began removing articles
      from the trunk.

45.   The Plaintiff was placed under arrest for the articles found in the trunk.

46.   At no time during the stop did the defendant officers inform the Plaintiff of the
      reason for the stop.

47.   At no time during the search of the trunk did the defendant officers ask who
      owned the articles for which the Plaintiff was arrested.

48. A taxicab was called to transport the four passengers in the Plaintiff's car to their homes.

49. During the stop, the defendant officers learned the name of only one of passengers in the Plaintiff's vehicle.

50. The three other passengers in the Plaintiff's vehicle remained unidentified to the officers.

51. The Plaintiff spent the night in jail and was released on bail at 1:00 p.m.

52. When the Plaintiff asked for his house keys, he was told by police officers that the tow company had them at the impound lot.

53. When the Plaintiff retrieved his car from the impound lot, his house keys were not there.

54. When the Plaintiff returned to the police station to ask again for his house keys, he was told to come back the next day when Defendant Sergeant Stankiewicz, the Sergeant on duty the night of the Plaintiff's arrest, was on duty.

55. When the Plaintiff returned the next day, the officer at the desk told him that Defendant Sergeant Stankiewicz had his house keys.

56. Defendant Sergeant Stankiewicz came into the waiting room later with the Plaintiff's keys held high in the air and, without explanation, walked past the Plaintiff to the outside.

57. The Plaintiff followed Defendant Sergeant Stankiewicz to the outside.

58.    When the Plaintiff approached Defendant Sergeant Stankiewicz for his keys, Defendant Sergeant Stankiewicz said, "If you ever speak to me the way you did last night, I will jack you up."

59.    After giving the Plaintiff his keys, Defendant Sergeant Stankiewicz went back inside the police station.

60.    The Plaintiff went back into the police station to file a complaint against Defendant Sergeant Stankiewicz for the threatening statement that he had just made to the Plaintiff.

61.    The officers in the dispatch area, including Defendant Sergeant Stankiewicz, began calling the Plaintiff names and told him to leave or he would be arrested for trespassing.

62.    The Plaintiff quickly left without filing a complaint, fearing a second arrest.

62.    The Plaintiff later filed a complaint against Defendant Sergeant Stankiewicz in clerk's office of the Springfield District Court.

63.    The clerk, accepting the complaint, told the Plaintiff that the complaint would be filed in the District Attorney's office if the Plaintiff wished to pursue it.

64.    The Plaintiff, fearing retaliation, has not pursued his complaint.

65.    The Plaintiff retained counsel to defend against the criminal charges filed against him by the Longmeadow Police Department.

66.   The Plaintiff's counsel filed a motion to suppress the evidence seized at the stop of the Plaintiff's vehicle for the following reasons:

    a.  the police did not have a search warrant,

    b.  the Plaintiff did not consent to the search,

    c.  there was no probable to search the Plaintiff's vehicle,

    d.  the Plaintiff was arrested without probable cause,

    e.  the search and seizure were not incident to any articulable exigent circumstances,

    f.  the actions of the police did not constitute a lawful protective search for weapons, and

    g.  the search was justified by any other exception to the warrant or probable cause requirement of the law.

67.   After hearing, the Plaintiff's motion to suppress was allowed.

68.   After allowance of the Plaintiff's motion to suppress, a *nolle prosequi* was entered on each and every criminal charge alleged in the complaint of the Longmeadow Police.

69.   Upon information and belief, prior to the Plaintiff's motion to suppress, member(s) of the Longmeadow Police Department were making statements to the effect that they had finally gotten the Plaintiff and that the Plaintiff was going to jail for a long time.

70.   Before the allowance of the Plaintiff's motion to suppress, the Plaintiff's name was posted in the *Longmeadow News* under the arrest section for the whole world to see.

71.  Since the allowance of the Plaintiff's motion to suppress, nothing has been posted, to the Plaintiff's knowledge, in any newspaper to show that the Plaintiff was not guilty of the charges alleged by the Longmeadow Police Department.

72.  When the Plaintiff moved to Amherst, Massachusetts, to attend the University of Massachusetts, his parents forbade his coming home to visit them for fear of giving the Longmeadow Police Department further opportunities to harass their son.

73.  The Plaintiff's parents eventually moved to another town so that the Plaintiff could safely visit them in their home.

74.  Since and because of the unlawful arrest and prosecution of the Plaintiff, he has suffered and continues to suffer fear, humiliation, anger, and severe emotional distress.

75.  On or about February 12, 2004, the Plaintiff sent a Notice/Demand letter pursuant to M.G.L. c. 258 to the appropriate Town of Longmeadow officials.

76.  More than six months have passed since the receipt of said c. 258 Notice/Demand letter.

77.  The appropriate Town of Longmeadow officials have failed to reply to said c. 258 Notice/Demand letter.

## COUNT I: ILLEGAL ARREST AND UNLAWFUL IMPRISONMENT

78. The above paragraphs are incorporated by reference here.

79. As a direct and proximate result of the malicious, wanton, and willful acts of Defendant Police Officer Cavanaugh, Defendant Police Officer Keenan, and Defendant Police Officer Perry, acting under color of law, the Plaintiff was intentionally and unlawfully arrested and confined without his consent and without probable cause, and thereby deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and the Declaration of Rights of the Massachusetts Constitution. The Plaintiff was also damaged in his reputation, embarrassed, prevented from engaging in his usual activities, and caused to endure suffering and mental anguish.

80. The Plaintiff is thereby entitled to damages under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, M.G.L. c. 12 § 11i, and under Massachusetts common law for false arrest and false imprisonment.

## COUNT II: MALICIOUS PROSECUTION/ABUSE OF PROCESS

81. The above paragraphs are incorporated by reference here.

82. As a direct and proximate result of the deliberate and intentional acts of Defendant Officer Cavanaugh, Defendant Officer Keenan, and Defendant Officer Perry, acting under color of law, the Plaintiff was damaged when said defendants acted with malice and without legal justification, and otherwise used the lawful authority vested in them as police officers to accomplish an

12

unlawful purpose, to wit: the initiation of criminal proceedings against the
Plaintiff with the intention of securing his conviction for any or all the following
unlawful purposes: (1) to cover up the illegal arrest and imprisonment, (2) to
protect themselves from civil and criminal liability, and (3) to frustrate the
Plaintiff from pursuing the legal remedies available to him as guaranteed by the
United States and Massachusetts Constitutions and federal and state law.

83.     The Plaintiff is thereby entitled to damages under Massachusetts common laws
        against malicious prosecution and/or abuse of process.

### COUNT III: DEFAMATION

84.     The above paragraphs are incorporated by reference here.

85.     Defendant Sergeant Conboy and other unknown police officers of the Town of
        Longmeadow Police Department made defamatory statements to the public that
        they knew to be false, resulting in public humiliation and embarrassment for
        the Plaintiff.

86.     As a direct and proximate result of the reckless and/or malicious acts of
        Defendant Sergeant Conboy and other unknown police officers of the Town of
        Longmeadow Police Department, the Plaintiff was unreasonably defamed,
        publicly accused of criminal activity and improper conduct, exposed to public
        contempt and ridicule, and otherwise deprived of his rights.

87.     The Plaintiff is thereby entitled to damages and relief pursuant to
        Massachusetts common law.

COUNT IV: UNLAWFUL RETALIATION IN VIOLATION OF
THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION,
THE DECLARATION OF RIGHTS OF THE MASSACHSUSETTS
CONSTITUITION AND 42 U.S.C. SECTION 1983 AND 1988

88.    The above paragraphs are incorporated by reference here.

89.    As a direct result of the malicious, intentional, and/or reckless actions of each
       of the named defendants in this matter, the Plaintiff was deprived of his rights,
       privileges, and immunities guaranteed by the United States and Massachusetts
       Constitutions, in that the defendants engaged in a retaliatory campaign of
       harassment and public defamation against him.

90.    The Plaintiff was deprived of his constitutional rights, including, but not limited
       to, the right to be free from retaliation for exercising his First, Fourth, and
       Fourteenth Amendment rights pursuant to the United States Constitution, the
       Equal Protection Clause of the United States Constitution, and similar
       provisions of the Declaration of Rights of the Massachusetts Constitution.

91.    The Plaintiff is thereby entitled to damages and relief pursuant to 42 U.S.C. §§
       1983 and 1988.


COUNT V: RECKLESS AND/OR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

92.    The above paragraphs are incorporated by reference here.

93.    As a direct and proximate result of the acts of all named defendants in this
       matter, the Plaintiff did suffer severe emotional distress, pain and suffering,
       mental anguish, humiliation, and embarrassment of such severity and nature
       that no reasonable person could or should be expected to endure.  The

14

defendants knew or should have known that their acts would cause such emotional distress, pain and suffering, mental anguish, humiliation, and embarrassment. Further, such emotional distress, pain and suffering, mental anguish, humiliation, and embarrassment was recklessly and/or intentionally inflicted.

94.    The Plaintiff is thereby entitled to damages and relief pursuant to Massachusetts common law.

COUNT VI: NEGLIGENCE/MASSACHUSETTS TORT CLAIMS ACT

95.    The above paragraphs are incorporated by reference here.

96.    The acts of each and every named defendant in this matter were, at the very least, negligent.

97.    Therefore, Defendant Town of Longmeadow is liable to the Plaintiff for damages pursuant to M.G.L. c. 258 § 4.

COUNT VII: VIOLATIONS OF THE MASSACHUSETTS
CIVIL RIGHTS ACT, M.G.L. CHAPTER 12 SECTIONS H AND I

98.    The above paragraphs are incorporated by reference here.

99.    As a direct and proximate result of the acts of all the named defendants in this matter, the Plaintiff was subjected to retaliatory treatment and a campaign of harassment, threats, intimidation, and coercion for the purpose of chilling the Plaintiff's exercise of his First Amendment Constitutional rights to free speech and to petition the government for redress of grievances.

100.   The defendants' retaliatory actions and conduct constitute the requisite
       "intimidation, threat, or coercion" protected under the Massachusetts Civil
       Rights Act.

101.   The Plaintiff was deprived of his constitutional rights secured by the
       Massachusetts Constitution and, as such, is entitled to damages and relief
       pursuant to M.G.L. c. 12 §§ 11 H and I.

COUNT VIII: CONSPIRACY TO VIOLATE CIVIL RIGHTS

102.   The above paragraphs are incorporated by reference here.

103.   The named defendants and other members of the Town of Longmeadow Police
       Department, acting separately and in concert and in agreement with one
       another, conspired as follows:
       a.  to violate the Plaintiff's First Amendment rights and rights secured to the
           Plaintiff by Articles I and XIV of the Declaration of Rights of the
           Massachusetts Constitution; and
       b.  to engage in retaliatory treatment by threat, intimidation, and/or coercion of
           the Plaintiff because he exercised his First, Fourth, and Fourteenth
           Amendment rights and rights secured by Articles I and XIV of the
           Declaration of Rights of the Massachusetts Constitution with the purpose of
           deterring the Plaintiff from exercising his rights in the future.

104.   The Plaintiff is thereby entitled to damages and relief pursuant to 42 U.S.C. §§
       1983 and 1988.

16

WHEREFORE, the Plaintiff requests that this honorable Court enter judgment on his behalf and:

1.    on all counts, award the Plaintiff compensatory damages from all defendants, jointly and severally, in an amount to be determined by the Court;

2.    on all counts, award the Plaintiff punitive damages from all defendants, jointly and severally, in an amount to be determined by the Court;

3.    award the Plaintiff interest, costs, and a reasonable attorney's fee; and

4.    award the Plaintiff such other relief as the Court deems just, equitable, and appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL

DATED: ╲╵⁹╱∪╲

Respectfully submitted,
The Plaintiff,
by his attorney,


Bruce D. Colegrove
BBO# 551836
Post Office Box 282
Montague, MA 01351
(413) 548-9102

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Matthew Chircop

## DEFENDANTS

Donald J. Cavanaugh

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Hampden
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Bruce D. Colegrove
P.O. Box 282
Montague, MA 01351     413-548-9102
Mass. BBO# 551836

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.

42 U.S.C. 1983; 1st, 4th, and 14th Amendments to U.S. Constitution; Mass. Constitution:
M.G.L. c. 12 Secs. 11h and i; false arrest and imprisonment; malicious prosecution;
emotional distress; conspiracy to violate civil rights

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒☒ 440 Other Civil Rights | | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint.
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**UNITED STATES DISTRICT COURT**

305850

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____.
    Matthew Chircop v. Longmeadow Police Officer Donald J. Cavanaugh _____.

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE
    LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 8(a)).

    ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    _x_  II.   195, 368, 400, 440, 441-444, 540, 550,
               625, 710, 720, 730, 740, 790, 791, 820, 830,
               840, 850, 890, 892-894, 895, 950.

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230,
               240, 245, 290, 310, 315, 320, 330, 340,
               345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610,
               620, 630, 640, 650, 660, 690, 810, 861-865,
               870, 871, 875, 900.

    ___  V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 8(e)).
    N/A

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN
    FILED IN THIS COURT?  No

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS
    AFFECTING THE PUBLIC INTEREST?  No
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES
    PURSUANT TO TITLE 28 USC 2284?  No

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF
    MASSACHUSETTS (WORCESTER COUNTY) - SEE LOCAL RULE 8(c).  YES_____
    OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - SEE
    LOCAL RULE 8(d).  YES_x___

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN
    SECTIONS OF THE DISTRICT?    YES_x___
    (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Western

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Western

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY
    GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE
    IN THE CENTRAL SECTION N/A_____ OR WESTERN SECTION  N/A_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____ Bruce D. Colegrove _____

ADDRESS_____ P.O. Box 282, Montague, MA 01351 _____

TELEPHONE NO._____ 413-548-9102 _____

(COVER.SHT-09/89)